## LEE *against* JILSON and others.

An action on a promissory negotiable note can be commenced and sustained, by him alone, who has the legal interest.

Therefore, if after the commencement of an action on such note, by the promisee, and in his name, he parts with his interest therein, by indorsement , such action can no longer be pursued.

THIS was an action on a promissory negotiable note, brought by the payee against the makers. The defendants pleaded sundry matters in bar. In one of the pleas it was averred, That after the service of the plaintiff's writ, and before the return day, he, the plaintiff, by his indorsement of said note, transferred, assigned and delivered it to *Stedman* & *Gordon,* of *Hartford,* who thereby became, and have ever since continued to be, the lawful owners thereof. These averments were traversed, by the plaintiff; on which issue was joined to the court. The court found this issue for the defendants. The issues joined on the other pleas were found for the plaintiff. The case was then reserved for the advice of this Court, on the question whether the plaintiff could maintain his action after

the finding that the note was assigned by him to *Stedman &
Gordon.* If the action could be maintained in favour of the plaintiff, after the assignment, he was to take judgment for the amount of the note and interest ; otherwise, judgment was to be entered up for the defendants.

*Goddard*, for the plaintiff, contended, That the action, which was properly commenced in the name of the plaintiff, was not defeated, by the assignment of the note. Where a suit has been rightly commenced, in the name of one person, it may be prosecuted to final judgment, though the fruits of the judgment, by virtue of an assignment, during the pendency of the suit, may belong to another. *The Mechanics' Bank* v. *Hazard*, 13 *Johns. Rep.* 353. The court, in all such cases, will protect the rights of third persons.

*H. Strong* and *Catlin*, for the defendants, after premising, that the defence in this case, as in all others, is to be determined with reference to the rights of the parties at the time of *plea pleaded*, contended, 1. That *Lee* cannot now sustain this action, his indorsement having divested him of all interest in the note. As to him, the effect of his indorsement was precisely the same as if he had *discharged* the note. 1 *Swift's Dig.* 430. *Bishop* v. *Dexter*, 2 *Conn. Rep.* 419. The same interest is required in a plaintiff to sustain an action in his own name, or to prosecute it to judgment, as to commence it ; and that is, a *legal* interest. *Anderson* v. *Martindale*, *East*, 497. *Munsel* v. *Sandford*, 1 *Root* 257. But *Lee*, after the indorsement of the note, had no interest in it whatever, legal or equitable.

2. That *Stedman & Gordon* cannot prosecute *this* suit. They have the legal interest in the note. They have a right of action on it in their own names, and can now bring such an action, and sustain it. This suit cannot be successfully pleaded in abatement of it. *Clerk* v. *Pigot*, 12 *Mod.* 193. *Burdick* v. *Green*, 15 *Johns. Rep.* 247. *Thatcher* v. *Winslow*, 5 *Mason's Rep.* 58.

DAGGETT, J. There were several issues joined to the court. One of those issues was, that the plaintiff had assigned, transferred and indorsed the note in question, after the institution of the suit, and before the return of the writ, to *Stedman & Gor-*

*Windham, July 1831.*

*Lee v. Jilson.*

*don* of *Hartford.* This issue was found in favour of the defendants. The other issues were found in favour of the plaintiff. Of these issues it becomes unnecessary to speak, as the judge at the circuit reserved, for the consideration of this Court, only the question, whether that fact being so, the plaintiff could recover. If he could not, then judgment was to be entered up for the defendants. Hence the only question for decision is, whether after a transfer by indorsement in full of a negotiable note, the promisee can maintain an action thereon, in his own name, instituted before the indorsement. The principles of law are all one way on this question. The action must be commenced and sustained by him who has the legal interest. If he parts with his interest, *by indorsement,* he ceases to be capable of pursuing an action already brought, in the same manner and to the same extent, as he was incapable of commencing it, for this very satisfactory reason, that he ceases to have any legal interest in the suit. It is very clear, then, that this suit connot be sustained. What might be the effect of circumstances attending the assignment, such as an agreement on the part of the assignee, that the suit should be prosecuted in the name of the payee, no such circumstances exist in the case under consideration. The fact is found, that the note was assigned and indorsed in full to *Stedman* & *Gordon ;* and it is impossible, therefore, for the plaintiff, who has parted with the whole legal and equitable interest in the suit, further to maintain it. *Munsel* v. *Sanford,* 1 *Root* 257. 1 *Swift's Dig.* 430. 1 *Chitt. Plead.* 4—10. *Thatcher* v. *Winslow,* 5 *Mason's Rep.* 58.

Judgment, therefore, is to be entered up for the defendants.

The other Judges were of the same opinion.

Judgment to be for defendants.