## THOMAS M. ARGALL vs. EDWARD F. COOK.

A, being insolvent, gave his creditors a written statement of his assets and liabilities, and proposed to pay them forty per cent. in full of their claims, agreeing to settle with all his creditors at that rate and promising to endeavor to procure their consent to such a settlement. The statement was correctly made and that percentage was all that his assets would enable him to pay, but he intended at the time to pay certain of his creditors in full if he should

ever be able to, but did not disclose this fact and did not obtain a discharge from those creditors. Several of the creditors agreed to take the percentage offered, and among them B, who took A's note at bank for the amount endorsed by a third person and gave him a receipt in full. There was no written agreement signed by the creditors, and no understanding that the settlement with any one should not be binding unless all the creditors should release him on the same terms. In a suit brought by B for the remainder of his claim, in which it was found that there had been no fraudulent intent on the part of A, and no fraud unless the law would infer it from the facts, it was held—

1. That the facts were not sufficient for a legal inference of fraud.
2. That the settlement with B was not void as being an attempt to settle a debt by a promise to pay a part only, as there was a new consideration in the delivery by A of a note endorsed by a third person.

A mere failure of A to perform his promise to settle with all his creditors on the same basis, was not in itself a fraud.

ASSUMPSIT, for goods sold; brought to the Court of Common Pleas of New Haven County. The defendant pleaded in bar a receipt of the plaintiff for a certain note, in full discharge of the indebtedness; and the plaintiff replied that the receipt was obtained by fraud and was void. The following facts were found by a committee.

The defendant resides in Wallingford, where he kept a store in the year 1872, and in May of that year he purchased of the plaintiff a bill of goods amounting to $602.63, and to recover the balance claimed to be due on the bill this suit is brought.

In August, 1872, the defendant, being insolvent, made a written statement to the plaintiff of his liabilities and assets, which statement was true, and offered to pay the plaintiff such a percentage on his debt as this statement showed that he was able to pay, upon an equal distribution of his assets among all his creditors *pro rata.*

The plaintiff then declined this offer, and placed his claim in the hands of W. F. Davis, an attorney, for collection. Mr. Davis brought a suit thereon, and at the same time brought suits on two other claims, and attached the defendant's goods in his store. The defendant immediately called on him, and entered into negotiations with him for a settlement of the claims, which resulted in an agreement with Mr. Davis, acting in behalf of the plaintiff, that forty per cent. was as much as

he was able to pay out of his assets on his liabilities as stated by him, and the defendant agreed verbally that on this basis he would settle with all his creditors, and endeavor to procure their consent to such a settlement.

There was no written agreement signed by any of the other creditors to this effect, nor was there any specific agreement that all the creditors should consent to release the defendant on payment of a percentage of their claims in order to make the agreement binding on the plaintiff, nor that the agreement should not be binding on any unless all the creditors assented to it.

In pursuance of this agreement Mr. Davis procured the three creditors for whom he had claims, and certain other creditors, to release their claims for forty per cent. thereof, and the plaintiff released his claim by the following receipt:

"West Meriden, Conn., Sept. 5, 1872. Received this day a note of even date for $245.87 made by Edward F. Cook, and payable to the order of George W. Cook, and by him endorsed, three months after date, at Yale National Bank, the same being in full settlement of all claims against said Edward F. Cook to date.     THOMAS M. ARGALL.

By W. F. DAVIS, *Attorney.*"

When the defendant made this agreement he intended to pay some of his creditors in full should he thereafter be able to do so, and he made no arrangement with such creditors to receive forty per cent., or any percentage in full satisfaction of their claims, nor attempted to do so. Many of the creditors with whom the defendant made no arrangement to pay forty per cent. were his relatives, whom he owed for money lent to him, and all of them were residents of Wallingford and vicinity.

The defendant intended to carry out the agreement with such creditors as had sold him goods for his store, but not as to the others, some of whom he has since paid in full, and to others he has paid nothing, but intends to pay them in full. The defendant did not make known such intention to Mr. Davis or to those he represented, but suffered Davis to believe that he should treat all alike, but the defendant did not intend

to commit any fraud upon these creditors, he believing, as was the fact, that forty per cent. was all they would receive upon an equal distribution of his assets among his creditors *pro rata.*

The defendant did not obtain the discharge by fraud, unless fraud is to be inferred from the foregoing facts.

When the discharge was delivered to the defendant, and the note therein mentioned was given to the plaintiff, the defendant was not asked, nor did he state, whether his other creditors had or had not agreed to execute to him discharges upon the same or similar terms, and nothing was then said upon that subject.

The amount due the plaintiff, if entitled to recover, was found to be $356.76, with interest from September 16th, 1872.

The report of the committee having been accepted, the counsel for the plaintiff claimed that the facts found showed that the defendant obtained the discharge by false and fraudulent representations, made by the defendant to the plaintiff, at the time when the discharge was obtained, and that the law would upon the facts infer the fraud.

Also that the facts found showed that the defendant made an agreement with the plaintiff, at the time when the discharge was obtained, that he would settle his indebtedness with all his creditors at forty cents on a dollar, and procure a discharge from them all, and that the same was fraudulent; and that the law is so that this was an obligation on the defendant in order to make his release a discharge in full, and that fraud is implied therefrom.

Also that the facts found showed that the defendant never intended, and never attempted, to settle with all his creditors, at the rate of forty cents on the dollar; that he never intended to carry out the agreement with any of his creditors who were relatives of his, but intended to pay them in full at the time when the agreement was made and the discharge given; that the defendant induced the plaintiff to believe that all the creditors were to receive the forty per cent. and share alike in accordance with the agreement; and that the law is so that upon these facts the receipt was void, the same having been

obtained by fraud both express and implied. But the court (*Robinson, J.,*) overruled all these claims of the plaintiff.

The court having rendered judgment for the defendant, the plaintiff moved for a new trial, for error in the above rulings.

*S. L. Bronson* and *H. F. Hall,* in support of the motion.

1. The receipt in full does not operate on the debt, but is simply evidence of an agreement, and is not decisive of the nature of the agreement. Part payment, and even payment of liquidated damages, is no bar to an action for the remainder. 2 Parsons on Cont. 618, and note *w.* The exceptions to this rule are only where the creditor receives a distinct benefit, or the debtor or some one for him incurs loss or danger of loss; as payment of part before the whole is due or in a way more beneficial to the creditor, or where a stranger pays the debt in part. 2 Parsons on Cont., 619, and notes *y, z* and *a.* The accord and satisfaction must be beneficial to the creditor and give him an advantage which he would not otherwise have. 2 Parsons on Cont., 686, and note *t.* In the case at bar the creditor received no distinct benefit, but rather suffered loss by the compromise. 1st. Suit had been begun and he was in the way to recover the whole. 2d. The debtor was fully able to pay the percentage agreed upon out of his assets at that time. 3d. It is not shown by the report of the committee that the endorsement added anything to the value or collectibility of the note, or that it has been paid without suit or loss to the plaintiff.

2. The receipt in full not operating to discharge the demand, but being only evidence of an agreement, the nature of the agreement may be inquired into for the purpose of exposing fraud, misrepresentation or mistake. Bouvier Law Dict., *Receipt in Full,* and cases there cited. It is evident from the facts found by the committee that the former suit, by which the plaintiff would have collected his debt, was abandoned by reason of the representations and promises of the defendant that he would treat all his creditors alike. These promises not being performed the compromise was vitiated, as the rule of law is that all should be done that is agreed to

be done to make the compromise binding. The fraud and *non-feasance* of the defendant are shown—1st. In that he did not, and did not intend to, treat all his creditors alike. 2d. In that he has used the leniency of the plaintiff to pay relatives and others their full demands. 3d. In that he has neglected to procure the assent of all his creditors to the arrangement, as he agreed to do.

3. There is therefore no consideration for the agreement. It is a *nude pact*—a mere accord and agreement without satisfaction. The facts as found by the committee do not bring the case within any of the recognized exceptions to the general rule that part payment is no satisfaction of a demand. See case of *Warren* v. *Skinner*, 20 Conn., 559, where the law is discussed and authorities quoted by counsel and court.

*C. Ives*, contra.

CARPENTER, J. This record presents two questions.

1. Was the receipt given by the plaintiff obtained by fraud?

The committee finds that it was not obtained by fraud unless fraud is to be inferred from the facts stated. It will be observed that this was not a compromise with all the creditors, nor was there any agreement that all the creditors should release the defendant on the same terms in order to make the receipt binding upon the plaintiff. There was no fraud or misrepresentation in respect to the value of his assets; on the contrary it distinctly appears that the plaintiff received his full share of those assets. It is found that the defendant agreed verbally that he would settle with all his creditors by paying them forty per cent. of their respective claims, and endeavor to procure their consent to such a settlement, which agreement was not kept. A breach of this promise does not in itself constitute a fraud.

It is further found that the defendant, when he made this agreement, intended to pay some of his creditors in full, should he thereafter be able to do so; and that many of the creditors with whom he made no arrangement to pay forty

per cent. were his relatives, whom he owed for money lent to him; that he intended to carry out such arrangement with such creditors as had sold him goods, but not as to the others, some of whom he has since paid in full, and to others he has paid nothing, but intends to pay them in full. All this may be evidence tending to prove fraud, but it is not itself fraud. From the whole case it is apparent that the plaintiff was satisfied to receive his fair proportion of the defendant's property. Hence he did not require a technical composition, and did not make the validity of the receipt to depend upon the other creditors settling with and discharging the defendant upon the same terms.

The promise to settle with the other creditors, and the expectation that the defendant would do so, do not seem to have induced the action of the plaintiff; and there is no evidence that he relied upon such promise and expectation. If he did not the secret intention to favor a portion of his creditors is immaterial. At least upon the facts as they appear the law does not pronounce the transaction a fraudulent one.

2. The plaintiff objects, in the second place, that the receipt is inoperative, for the reason that it was given for a part of his demand only and can not be a discharge of the whole. In support of this claim *Warren* v. *Skinner*, 20 Conn., 559, and cases there cited, are relied upon. This case differs from that and falls within an exception to the rule which is there recognized. In this case a note *indorsed by a third person* was taken for a part of his demand, in consideration of which he relinquished the balance. The additional security which he received by the indorsement was a sufficient legal consideration for the discharge.

Whether a receipt in full should have the same legal effect as a release under seal is a question we need not consider.

We are satisfied that there should be no new trial.

In this opinion PARK, C. J., and PARDEE and LOOMIS, Js., concurred. FOSTER, J., was of opinion that there was some taint of fraud in the transaction and that the promise of the defendant had not been faithfully performed but concurred in the other views expressed in the opinion.