THE PEOPLE'S SAVINGS BANK *vs.* THE BOROUGH OF
NORWALK.

56 547
64 59
64 430
56 547
66 241
66 558

Fairfield Co., March T., 1888. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

The defendant borough in 1871 issued, under authority of the legislature,
water-fund bonds to the amount of $175,000, of which the plaintiff be-
came the owner of fifty of $1,000 each. By their terms they were pay-
able in 1896, with interest at seven per cent., for which semi-annual
coupons were attached, payable on the first days of January and July,
the principal and coupons to be paid at a bank named; and the borough
was to have the right to call in and pay the bonds at any time after
July 1st, 1886, in that case paying the principal and accrued interest to
the day fixed. Shortly before that date the borough voted to call in the
bonds on the second day of July, 1886, and published notice accord-
ingly. The coupons due July 1st were paid and the borough deposited
in the bank named the entire amount of the principal of the bonds.
The plaintiff refused to accept payment of the principal alone, and de-
manded interest from July 1st. The court charged the jury that the
plaintiff was entitled on July 2d to the principal of the bonds and one
day's interest at seven per cent., and six per cent. on this amount to the
time of trial. Held, on an appeal of the defendant—

1. That the interest being paid by payment of the July coupons only up to
July 1st, the plaintiff was on July 2d entitled to one day's interest.

2. That if the court was in error in allowing interest upon the one day's
interest, yet as the loss to the defendant would be very small, it was
not a sufficient ground for granting a new trial. But whether it was
error: *Quære.*

3. That as the defendant never had funds at the bank sufficient to pay the
one day's interest besides the principal, the call for the bonds became
inoperative against the plaintiff, but left the plaintiff the right to treat
the bonds as due and to bring suit for their recovery; and that upon
such a suit it would seem that the interest would run on the bonds at
the rate fixed by their terms to the time of trial.

4. That, the defendant having placed in the bank only the principal of the
bonds, and the tender made by the bank being only of that amount in
payment of the bonds, the tender could not be held a good one for
forty-nine of the bonds and the interest upon them, leaving only one
bond to draw interest and for future payment.

Where a case tried to a jury turns wholly on a question of law, with no
facts in controversy, it is an established practice for the judge to direct
the jury to bring in a certain verdict. It is merely reaching more
speedily and directly a result which would inevitably be reached in the
end.

But where a jury has by its verdict found the issue for the plaintiff and the amount of the principal debt due him, and the question of adding interest to the amount so found is not affected by any unsettled question of fact, it is not a direction to the jury how to bring in a verdict, for the judge merely to send them out with instructions to add interest to the time of trial.

[Argued May 31st—decided July 7th, 1888.]

ACTION upon bonds of the defendant borough; brought to the Superior Court in Fairfield County, and tried to the jury before *Andrews, J.* Verdict for the plaintiff and appeal by the defendant. The case is sufficiently stated in the opinion.

*S. E. Baldwin* and *J. S. Seymour*, for the appellant.

1. The bonds were redeemable by payment of the principal, on July 2d, 1886, without any interest. On July 1st, the plaintiff had collected its coupons for six months interest "due that day," according to their tenor. The bonds were dated July 1st, 1871, and the holder by their terms was entitled to "interest thereon *from* date, at the rate of seven per cent. per annum, payable semi-annually on the first day of January and the first day of July in each year." As interest was payable *from* July 1st, 1871, no interest was payable *for* July 1st, 1871. The bond was issued during the course of July 1st, 1871, and the borough therefore did not have the use of the money during the whole of that day, and so did not propose to pay any interest *for* that day. Interest on July 1st, 1871, was thus excluded, and interest for January 1st, 1872, was included in this first coupon. *Avery* v. *Stewart*, 2 Conn., 69, 72; *Weeks* v. *Hull*, 19 id., 376, 381; *Bemis* v. *Leonard*, 118 Mass., 502. Thus the coupon of July 1st, 1886, paid for the whole of the six months including that day and excluding January 1st, 1886. The plaintiff therefore, when it collected its July coupons, was paid interest in advance up to midnight of that day. But at the first moment of July 2d, 1886, and before another day's interest had begun to run, the principal sum was paid and the bond discharged; for the deposit of

the money in the bank was the same thing as payment to the bondholders, as they had constituted that bank their agent to receive such payment when they lent the money and took the bond. It was their agent to receive the sum due in case of redemption, just as much as in case of payment of the bonds at maturity. If the plaintiff had come to the borough treasurer at midnight on July 1st, 1886, and demanded its $50,000, and got it at one second past midnight, it could hardly be claimed that any right to interest for July 2d, 1886, could exist. The rule that the law knows no fractions of a day is a maxim "now chiefly known by its exceptions." *Maine* v. *Gilman*, 11 Fed. Rep., 216; *Louisville* v. *Savings Bank*, 104 U. S. R., 469, 478. But the bank was holding the $50,000 for the plaintiff at midnight on July 1st, 1886, and this payment to the bank was a payment to its principal, the plaintiff. The court erred therefore in charging that there was this one day's interest due. And it erred further in massing the bonds together as a unit, in its charge on this point, and not allowing the jury to consider each bond as a separate and distinct thing. The plaintiff claimed on fifty several bonds each for $1,000. It was admitted that we had $50,000 in the bank ready to pay over to it. This certainly much more than covered the principal sums due on forty-nine of these bonds, and all interest claimed as due on them. The jury therefore ought to have been left free to find that forty-nine bonds had been effectually redeemed, even if the remaining one had not.

2. The court erred, in any event, in directing the jury to compute interest on interest. Compound interest is not to be allowed in such a case. The coupons were mere incidents to the bond, and the plaintiff sought to recover the principal sum of its bonds, with lawful interest from the day they became due and payable. This day, by the verdict, is ascertained to be July 2d, 1886, at which date a rest was made. Interest from July 2d would, of course, be only at six per cent., but it would be six per cent. on $50,000 only, and not on the $9.72, which represents the one day's interest at seven per cent. Forcing, or even allowing, the

jury to add interest on this interest, was directly in the teeth of our local law as to interest-bearing bonds. In other jurisdictions coupons have been treated as separate obligations, drawing interest if dishonored; but our own practice is settled the other way, and under this practice these bonds were issued and negotiated. *Rose* v. *Bridgeport,* 17 Conn., 247; *Crosby* v. *N. Lond., Will. & Palmer R. R. Co.,* 26 id., 121, 126; *Johnson* v. *Nor. & Wor. R. R. Co.,* 37 id., 434. If we are right in the foregoing claim, then, small as the error was in giving compound interest on $9.72, it ought, under the circumstances of this case, to suffice to give us a new trial, for this sum of $9.72 was the sole basis of the theory on which the verdict was made to turn. If, on the other hand, each coupon was an independent obligation, then as there was confessedly enough money deposited to pay off the bonds registered in the name of the plaintiff, it is immaterial whether there was also enough to pay the coupons, which were not registered, and might have been owned by third parties.

3. The charge of the court, in response to which the verdict was apparently returned, was indefensible on any ground. The court told the jury there were four different states of fact, according to which their verdict was to be governed, as follows:—1st. If the plaintiff had due notice of the call, and if $50,000 and one day's interest was deposited in bank on July 2d, 1886, applicable to the plaintiff's bonds, then their verdict should be for the defendant. 2d. If the plaintiff had due notice of the call, and if only $50,000 was deposited in bank on July 2d, 1886, applicable to the plaintiff's bonds, then their verdict should be for $50,009.72, and interest at six per cent. on this sum to the time of trial. 3d. If the plaintiff did not have notice of the call until July 19th, 1886, and there was then $50,000, and enough more to pay the interest to that day, deposited in the bank, applicable to the plaintiff's bonds, then their verdict should be for the defendant. 4th. If the plaintiff did not have notice of the call until July 19th, 1886, and there was then $50,000, but not enough more to pay the interest

to that day, then their verdict should be for the plaintiff
to recover $50,000, and interest on $50,000 at seven per
cent. to July 19th and at six per cent. from July 19th to
the time of trial.   Under these instructions, if every fact in
dispute had been found for the plaintiff, the verdict would
have been for only $23.62 more than the verdict of which
we complain; the only difference being that between reckon-
ing interest from July 2d to July 19th at seven per cent. in-
stead of six, which amounts to $1.39 a day.   How ought
the jury to have been instructed?   If we are right in hold-
ing that no interest accrued after July 1st, then the charge
should have been that if the plaintiff had due notice of the
call we were entitled to a verdict.   If, on the other hand,
one day's interest had accrued, then we did not effect a
complete redemption of the bonds and coupons on July
2d, 1886; for redemption was to be had only "upon
payment of the principal sum and interest accrued at
the time of such redemption."   In this case the bonds
being payable in 1896, either both bonds and coupons were,
on July 2d, 1886, still unmatured, or else the coupons, at
least, were not due and payable.   If the call and deposit
sufficed to redeem the principal of the bonds, but not the
coupons, then on July 2d, 1886, $50,000 and no more was
due and payable to the plaintiff.   If, on the other hand,
neither bonds nor coupons were redeemed by the call and
deposit, then nothing was due and payable to the plaintiff
on July 2d, 1886.   If, then, the plaintiff could recover any-
thing, on the theory that one day's interest had accrued on
July 2d, 1886, it must be just $50,000, assuming that it had
due notice of the call.   How then can a verdict for $50,009.72
and interest he supported?

4. Our right of trial by jury was violated.   There was no
contest whatever over the $50,000.   The whole question
was whether interest should be recovered in this action, and
if so, whether for one day, eighteen days, or the whole time
since July 1st, 1886.   Of course the interest was not to be
recovered as interest, but as damages.   The jury brought in
a verdict at first of nominal interest, or nominal damages,

the $50,000 not being in dispute. Why should not this verdict have been accepted and judgment rendered thereon according to this finding? It could only be rejected because the jury had mistaken the evidence, or had brought in a verdict contrary to it, or contrary to the direction of the court in a matter of law. But none of these things take the case out of the operation of the following statute provisions:—" The court shall render judgment on all verdicts of the jury, according to their finding, with costs, unless the same shall be set aside." Gen. Statutes, § 1106. "And when the jury find a verdict in favor of the plaintiff, it shall assess the damages, which he shall be entitled to recover." § 1105. "The court shall submit all questions of fact to the jury." § 1101. In the first instance, the court submitted two questions of fact to the jury. (1) Whether the plaintiff knew of the call of the bonds; (2) Whether there was money enough in the bank to redeem the bonds. But when the jury came in with a verdict for a nominal sum for the plaintiff, the court interpreted the verdict to be a special finding of one of these questions against the defendant, as though it were open to no other construction, and thereupon directed them to add all the interest claimed. But may not this verdict fairly be open to another construction? It is not true that the jury must have decided that the plaintiff did not know of the call, or that, though it knew of it, there was not money enough in the bank; for there is the third possibility, that the jury could not agree on the question of notice; for had they been able to decide that question in favor of the plaintiff they would have given full damages at once. Not being able to get full unanimity on the defendant's claim that the plaintiff had notice, the jury may have cut the damages down to the nominal point, without any decision at all of the real question in dispute, much less a decision for the plaintiff. It was the duty of the court to return the jury to a second consideration, if it could not accept the verdict as it was first rendered. § 1104. Even if the court had ascertained, by a special verdict, that the jury had decided the two questions submitted to it, and how they had been

decided, it would still have been its duty to leave the damages to be assessed by the jury, and the general verdict to be rendered by the jury. *Buchanan* v. *Cheseborough*, 5 Duer, 238. If the verdict shows that any of the material issues were not answered, the judgment is erroneous. *White* v. *Bailey*, 14 Conn., 277. There was no additional reason for directing a verdict when the jury were sent back than when the case was first given them. At the later point it was the sole duty of the court to make sure that the issues were decided by the jury. *Dorr* v. *Fenno*, 12 Pick., 521, 525. The power of the court extends only to informalities and to correct the entry of the verdict so as to make it conform to the real finding of the jury. *Dalrymple* v. *Williams*, 63 N. York, 361; *Brown* v. *Dean*, 123 Mass., 254, 266. The court cannot order a verdict to be entered up when the jury refuse to return a verdict for the defendant. *Hine* v. *Robbins*, 8 Conn., 347. See also *Spencer* v. *Goter*, 1 H. Bla., 78; *Garland* v. *Davis*, 4 How., 131; *Baylis* v. *Travellers' Ins. Co.*, 113 U. S. R., 316, 321; *Little* v. *Larrabee*, 2 Greenl., 37.

*H. Stoddard* and *G. Stoddard*, for the appellee.

LOOMIS, J. The plaintiff, on the first day of July, 1886, was the owner by purchase of fifty bonds, each for one thousand dollars, known as water-fund bonds, issued in the year 1871 by the defendant borough upon authority granted by the General Assembly, and bearing date July 1, 1871. These bonds were a part of an authorized issue of bonds to the amount of $175,000, all of that date, and put upon the market together, and had interest coupons attached, payable half yearly on the first days of January and July at the rate of seven per cent. per annum. The bonds contained the promise of the borough to pay their amounts on the first day of July, 1896, at the Fairfield County National Bank in the borough of Norwalk, and also interest semi-annually at the rate of seven per cent. per annum, on the presentation of the coupons at the same bank and their surrender. The bonds contained also the following clause:—"*Sec.* 4. This

obligation is redeemable in full at the pleasure of said borough of Norwalk at any time after July 1, 1886, and before maturity, upon payment of the principal sum and interest accrued at the time of such redemption."

The borough availed itself of this right to redeem the bonds before maturity, and gave public notice that they would be paid on presentation at the bank named and on surrender of the bonds, on the second day of July, 1886. The borough deposited with the bank in question the amount of the principal of the entire issue of the bonds, and the other holders of them presented their bonds at the bank and accepted the principal in full payment of the same. The interest coupons, due the day before, were separately provided for and were paid, including those held by the plaintiff, and no question arises in the case with regard to them.

The plaintiff, on the nineteenth of July, presented its fifty bonds at the bank and demanded payment of the principal and of the interest at seven per cent. from the first day of July to that date. The bank denied the right of the plaintiff to any interest after the first day of July, and refused to pay anything beyond the principal of the bonds, and this the plaintiff refused to receive, and the present suit was afterwards brought upon the bonds.

A question was made before the jury as to whether the plaintiff received notice of the call for the bonds by the borough on or before the second day of July, or not until the 19th, the plaintiff contending that the latter was the fact and the defendant the former. This question, however, becomes wholly unimportant in the present position of the case. The plaintiff was clearly entitled, if notice of the call had been seasonably received and it had presented the bonds on the second day of July, to one day's interest, amounting to $9.72. The jury, in its verdict, found this interest to be due, and the plaintiff does not complain of its insufficiency, while the defendant has no ground of complaint.

The judge charged the jury that if they found that the savings bank had notice that the bonds were called and

that there was not money enough in the Fairfield County Bank on that day to pay the bonds in full, principal and interest, then their verdict should be for the plaintiff for the $50,000, and interest thereon for one day at seven per cent. added, and then interest on this sum at six per cent. from the 2d day of July to the time of trial. The jury returned the following verdict:—"In this case the jury finds the issue for the plaintiff, and therefore finds for the plaintiff to recover of the defendant $50,000, and interest for one day, to the amount of $9.72; making in all $50,009.72 damages, and his costs." The court did not accept the verdict, but said to the jury that, as it appeared that they had omitted to compute the interest up to the time of trial, they might again retire and make such computation. The verdict was handed back to the foreman and the jury again retired to their room, where they remained from fifteen to thirty minutes. When they again returned to court their names were again called and they were asked if they had agreed on a verdict; the foreman answered that they had; and handed to the clerk a verdict for the plaintiff for $54,748.81. This the clerk took and read aloud. The court accepted it and ordered it recorded. Thereupon the clerk, addressing the jury, said:—"Gentlemen of the jury,—Listen to your verdict as accepted by the court and ordered to be recorded." He then read it aloud and said, "This is your verdict; so say you all;" to which the jurors all assented.

The instructions given to the jury by the judge in returning to them the verdict, that they should add interest at six per cent. from the 2d day of July, are excepted to as being an assumption on the part of the judge of a right to dictate to the jury the terms of their verdict, which is wholly unwarranted in law, and that the instructions were erroneous if they had been otherwise unexceptionable. It is contended that the judge, upon refusing to accept the verdict, could only send the jury back to a further consideration of the whole case, leaving them to bring in such a verdict as, upon a proper statement to them of the law, they might upon consultation agree upon. The verdict, it is said, may

have been a compromise one, those of the jurors who preferred to bring in a verdict for the defendant, or for only the principal of the bonds, consenting to a merely nominal addition of interest, and that, if the verdict was to be for a larger sum, they might not have assented to it.

, But it is clear, in the first place, that the verdict cannot have been a mere compromise one, in the ordinary sense of that term, where the amount is arrived at by no rule furnished by the evidence but upon some computation of the average of different sums, for here the verdict states expressly that it is made up of the $50,000 principal and of one`day's interest upon that sum at seven per cent., and that the issue is found for the plaintiff. It is not to be presumed that a jury, who had arrived at such a point in their conclusions, could afterwards bring in a verdict for the defendant, or one for the principal without the interest. The verdict must be taken as settling the point that the jury had decided the case for the plaintiff and that it was entitled to one day's interest. This conclusion is not only strengthened, but we might say is made ·unavoidable, by the fact. that a verdict that did not allow the plaintiff this one day's interest could not have stood for a moment.

But it is said that the court had no right to direct the jury to add the later interest, but could only instruct them as to the law and leave them to make their own verdict. But where the judgment in a case heard before a jury depends wholly on a question of law, so that any' other verdict than the one so required would inevitably be set aside upon review, it has long been the practice for the judge to direct the jury to bring in a particular verdict. It is merely reaching more speedily and directly a result which would inevitably be reached in the end. In this case, if' the plaintiff was entitled to a finding of the issue in its favor, it was absolutely entitled to interest on the amount found due on the bonds down to the time of trial. Any other result would have involved an error that would have been sufficient ground for setting aside the verdict. It was a case there-

fore where a judge might properly direct a jury to add this interest to the amount of their verdict.

But the judge did not in fact direct the jury in the matter. He merely told them that they had omitted to compute the interest up to the time of trial, and sent them back to make the computation for themselves. This was only giving them instructions as to the law, and that no more fully than he had done in the first instance. He had before told them that if they found that the plaintiff had had notice of the call they should find a verdict for it, for $50,000 and one day's interest at seven per cent., and interest at six per cent. on the amount to the time of trial. The jury had by their verdict found the submitted fact, and no question of fact remained unsettled, and by the instructions given they were then to find the full interest. These later instructions were a mere repetition of the former, with perhaps a somewhat greater degree of positiveness in view of the fact that what the jury had already found made the inclusion of the later interest in their verdict absolutely indispensable. And the jury on returning the second verdict declared it, in the usual way, to be their verdict and that of them all.

It is further claimed that the judge was directing them to find interest on interest, inasmuch as a part of the sum upon which the six per cent. interest was to be computed was this one day's interest, $9.72. It is undoubtedly a general rule that where an obligation draws interest at a stated rate, the damages in a suit upon it are the principal sum and interest on it, at the rate fixed, down to the time of trial. But a distinction may perhaps be drawn between such a case and the present one, inasmuch as here the sum to be paid upon a call of the bonds before maturity was to be the principal and interest to that date, the aggregate being the amount of the debt which, as a specific sum, the borough bound itself then to pay; but it is not necessary to decide the point, inasmuch as the interest, if allowed only on the principal of the bonds, would under this rule have been at seven per cent. to the time of trial, which would make a larger amount than that awarded by the verdict. The defendant has there-

fore suffered nothing from the error, if it be one, and cannot complain of it.

Even if the error were injurious to the defendant, yet as the amount of its loss would be so trifling, but about one dollar in fact, the principle *de minimis* would apply and the court would not take notice of it.

- The defendant's call involved the duty and necessity of having at the bank on the day fixed for the presentation of the bonds, a sufficient sum to pay the bonds and interest, and to keep such sum at the bank ready for payment to the plaintiff on demand; but the defendant never had a sufficient sum there, and therefore the call became inoperative as against the plaintiff, but left the plaintiff a right, at its option, to treat the bonds as due and to bring suit for their recovery. Upon such a suit it would seem that the interest would, under the ordinary rule, run on the bonds at the rate fixed by their terms to the time of trial.

The point was made by the defendant's counsel that, as the defendant had in the Fairfield County Bank on the 2d day of July, 1886, and on the 19th of July when the bonds were presented, fifty thousand dollars, deposited for the plaintiff when it should call with its bonds, and which sum was then offered it by the cashier of the bank, the tender was to be regarded as applying as far as it would go, and as it was only by a small sum short of what the plaintiff was entitled to, it should be regarded as covering forty-nine of the fifty bonds, leaving interest to run against the defendant only on the one remaining bond. But it is a sufficient answer to this claim to say that the tender was not of payment of forty-nine of the bonds, leaving one bond for future payment, but that the bank refused to pay anything as interest; while each of the forty-nine bonds would have been entitled at least to its one day's interest. Besides this, the money was to be paid, according to the terms of the defendant's call, only on the surrender of the bonds. It is clear that the bank did not consider itself authorized to pay, and would not have paid, the $50,000 on the surrender of only forty-nine of the bonds. Such an application of the tender as is

now suggested was never thought of by either party at the time, and is not entitled to any consideration here.

There was no error in the judgment complained of.

In this opinion the other judges concurred.