GEORGE L. STORMS AND COMPANY vs. FREDERICK B. HORTON.

First Judicial District, Hartford, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

No appeal lies from a refusal to grant a nonsuit.

There is no reason why a compromise agreement between a debtor and one of his creditors should not be tested by the same standard of good faith and fairness that is applied to such composition agreements when signed by all the creditors.

As tending to prove that statements of his financial condition, made by a debtor to one of his creditors, were false and fraudulent, evidence of other and very different statements, made by the debtor about the same time to other creditors, is admissible.

Argued October 6th—decided December 16th, 1904.

ACTION to recover for goods sold and delivered, brought by defendant's appeal from a judgment of a justice of the peace to the Court of Common Pleas in Hartford County and tried to the jury before *Coats, J. ;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Hugh O'Flaherty* and *Francis P. Rohrmayer*, for the appellant (defendant).

*Herbert O. Bowers*, for the appellee (plaintiff).

HALL, J. The pleadings in this case are in effect as follows: The complaint and bill of particulars charge the defendant with an indebtedness of $122.74 for goods sold, and credit him with $49.10 ; the answer alleges that the $49.10

was paid and received under a compromise agreement and in full settlement of the defendant's account; the reply avers that the plaintiff was induced to make such agreement and accept said payment by the false and fraudulent representations of the defendant that he was in financial difficulty and was able to pay but forty per cent. of his indebtedness, and that he could not possibly raise a larger sum than the amount of such percentage; the defendant's rejoinder denies that such representations were false and fraudulent.

Concerning the compromise agreement and the payment and acceptance of the $49.10, the plaintiff offered evidence in the trial court to prove these facts : On the 25th of February, 1903, the defendant, who was engaged in the drug business in this State and was indebted to the plaintiff in the sum of $122.74 for goods sold, wrote, by his attorney, to the plaintiff in New York that he was in financial difficulty; that his liabilities were over $6,500 and his assets about $1,500 ; that by aid from his friends he could offer a cash settlement of twenty-five cents on the dollar; that if this offer was not accepted by his creditors on or before the 28th of that month he would be compelled to go into bankruptcy, in which case his creditors would not be able to realize more than ten per cent. of their claims.

On the 4th of March, said offer not having been accepted, the defendant, by his attorneys, wrote the plaintiff that after an investigation by some of the principal creditors and friends of the defendant they had concluded that it was possible to pay forty per cent., but that there was no possibility of raising a larger amount, and that if the offer of forty per cent. was not accepted the defendant would be compelled to go into bankruptcy.

The plaintiff relying upon the truth of said representations accepted said offer by letter on the 12th of March, and the next day the defendant's attorneys sent their check to the plaintiff for $49.10, which stated upon its face that it was "in full settlement of F. B. Horton (the defendant) account." The plaintiff accepted the check and it was duly paid.

On the 18th of March the defendant, by his same attorneys, wrote letters to George F. Bassett & Company and Acker, Merrall & Condit, New York creditors of the defendant, inclosing checks for seventy-five per cent. of their respective claims against him, and stating, among other things, that the two prior offers of lesser sums submitted to them had been ignored; that defendant's indebtedness amounted to $4,400; that he had inventoried his stock at $2,800, but that experts thought it worth no more than $2,000, and that this, with a horse and carriage possibly worth $250, was all the property he owned; that one Donaghue, one of his creditors, had advanced him the sum of $2,500, taking a bill of sale of the store as security, and that the remainder of the seventy-five per cent. offered had been raised by mortgaging Mrs. Horton's property, and by collections made by the defendant. These letters further stated: " As the proposition now stands Horton's creditors get seventy-five cents on the dollar leaving an indebtedness of $2,500 to Mr. Donaghue. . . . Under these circumstances I believe it is for your interests, as well as the other creditors (and I am writing a similar letter to the other creditors) to accept this offer." These two letters were received in evidence against the defendant's objection that they were not relevant to the issue framed by the pleadings. It did not appear that these two creditors accepted this proposed compromise. Indeed the record shows that the plaintiff offered to prove that their claims were paid in full, but that the evidence was excluded by the court.

The trial court excluded the question asked by the defendant of his witness Donaghue, whether the defendant had repaid him the $2,500, advanced to enable him to effect the compromise with his creditors, refused to grant a nonsuit upon defendant's motion, and denied defendant's motion for a new trial upon the ground that the verdict was against the evidence.

The reasons of appeal assigned by the defendant are: (1) the denial of his motion for a nonsuit; (2) the admission in evidence of defendant's letters to Bassett & Company

and to Acker, Merrall & Condit; (3) the exclusion of the question of the witness Donaghue; and (4) the denial of his motion for a new trial upon the ground that the verdict was against the evidence.

This court has repeatedly said that the refusal to grant a nonsuit furnishes no ground for appeal. *McVeigh* v. *Ripley*, 77 Conn. 136, 141; *Dubuque* v. *Coman*, 64 id. 475, 481; *Bennett* v. *Agricultural Ins. Co.*, 51 id. 504, 512.

Of composition contracts between an insolvent debtor and his creditors, this court said in *Huntington* v. *Clark*, 39 Conn. 540, 553 : " The utmost good faith must be observed by all parties. . . . It scarcely need be said that any misrepresentation or concealment on the part of the insolvent renders his release void." It is true that in the present case there was no compromise agreement signed by the plaintiff which had been or was to be signed by the other creditors of the defendant, nor does it appear, nor is it alleged by the plaintiff, that there was any specific agreement that it should not be bound by its acceptance of the defendant's offer of compromise unless it was assented to by all the defendant's creditors. But these facts furnish no reason why the agreement between the plaintiff and defendant should not be tested by the same standard of good faith and fairness that is applied to contracts of compromise signed by all the creditors. If not expressed, it was clearly implied in the letters to the plaintiff that all the defendant's creditors must release him upon the same terms and that all would receive the same treatment.

But the plaintiff's complaint here is, not that other creditors received a larger percentage of their claims, or were paid in full, but that the defendant's representations as to his liabilities and assets, and his inability to pay more than forty per cent. of his debts, which induced the plaintiff to accept the offer of compromise, were false and fraudulent. As tending to prove this, the two letters to other creditors, written soon after the letters to the plaintiff, were admissible. *Argall* v. *Cook*, 43 Conn. 160, 166. They contained a different statement of the defendant's assets and liabilities from

that made to the plaintiff, and an offer to pay a larger percentage than that which the defendant had represented to the plaintiff was the largest he could pay. The defendant was of course entitled to explain why these different statements and offers were made to other creditors. He claimed to have done so by the letters themselves and by other evidence, but the jury apparently did not accept his explanation.

It does not appear that the exclusion of the question asked the witness Donaghue could have been prejudicial to the defendant.

From the evidence before us we cannot say that the trial court erred in denying the defendant's motion for a new trial upon the ground that the verdict was against the evidence.

There is no error.

In this opinion the other judges concurred.