JENNIE E. BRADBURY *vs.* THE CITY OF SOUTH NORWALK.

Third Judicial District, Bridgeport, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The refusal to grant a nonsuit affords no ground of appeal.

Where the facts before the jury are undisputed, the trial court should direct the verdict; but where material and disputed questions of fact are to be determined upon conflicting testimony, they must be submitted to the jury.

The trial court may well refuse to set aside a verdict where there was some evidence before the jury upon which they might reasonably have reached their conclusion.

The action of the trial court in the present case, in refusing to set aside a verdict for the plaintiff upon the ground that it was against the evidence, reviewed and sustained.

If the evidence in a civil action induces a reasonable belief in the minds of the jury of the existence of a material fact in issue, they are warranted in treating that fact as proved.

A single expression in a charge affords no just cause of complaint, if the charge as a whole is correct in law, sufficient for the guidance of the jury and fair to the parties.

In the absence of any stated reason, it may be assumed that a leading
question which was objected to and excluded, was rejected upon
that ground.

Argued October 23d—decided December 17th, 1907.

ACTION to recover damages for personal injuries alleged
to have been caused by the defendant's negligence, brought
to the Superior Court in Fairfield County and tried to the
jury before *Ralph Wheeler, J.;* verdict and judgment for
the plaintiff for $300, and appeal by the defendant. *No
error.*

*John H. Light,* for the appellant (defendant).

*James T. Hubbell,* for the appellee (plaintiff).

THAYER, J.   The complaint alleged that the defendant
removed the cover of a catch-basin located in a crosswalk
in one of its streets, and so negligently and improperly re-
placed it that when the plaintiff stepped on it, in passing
along the street, the cover turned, letting the person of
the plaintiff fall into the catch-basin and causing the in-
juries complained of.

After the plaintiff had rested her case, the defendant,
under General Statutes, § 761, moved for judgment as in
case of nonsuit.   One of the errors assigned in the reasons
of appeal is the overruling of this motion.   In *Bennett* v.
*Agricultural Ins. Co.,* 51 Conn. 504, 512, it was held that
the refusal of the court to grant a motion for nonsuit, be-
ing a matter committed to the discretion of the court, was
not reviewable upon the application of the defendant; and
this has been repeatedly affirmed.   *Dubuque* v. *Coman,* 64
Conn. 475, 481, 30 Atl. 777 ; *Cook* v. *Morris,* 66 Conn. 196,
209, 33 Atl. 994; *McVeigh* v. *Ripley,* 77 Conn. 136, 141, 58
Atl. 701; *Storms & Co.* v. *Horton,* 77 Conn. 334, 337, 59
Atl. 421; *Norman Printers Supply Co.* v. *Ford,* 77 Conn.
461, 467, 59 Atl. 499.   Counsel for the defendant did not
discuss this assigned error in his brief or oral argument,
and it could have been well omitted from his appeal.

After the evidence was closed the defendant requested the court to direct the jury to return a verdict for the defendant. This was refused. After a verdict for the plaintiff had been rendered the defendant moved the court to grant a new trial, on the ground that the verdict was against the evidence. This also was refused. Each of these rulings is assigned as error in the reasons of appeal, and it will be convenient to consider them together. When the facts of the case are undisputed, the judgment will be a mere conclusion of law upon those facts, and it is the duty of the court to direct the jury as to the verdict which they should render; and a refusal to so direct, when requested, is error. *People's Savings Bank* v. *Norwalk*, 56 Conn. 547, 556, 16 Atl. 257; *Ward* v. *Metropolitan L. I. Co.*, 66 Conn. 227, 241, 33 Atl. 902; *McVeigh* v. *Ripley*, 77 Conn. 136, 141, 58 Atl. 701; *Allen* v. *Ruland*, 79 Conn. 405, 413, 65 Atl. 138. But when questions of fact in issue, material to the judgment, are disputed, and to be determined from conflicting testimony of which there is sufficient to support a verdict, such questions must be submitted to the jury. *Occum* v. *Sprague Mfg. Co.*, 34 Conn. 529, 538; *Cook* v. *Morris*, 66 id. 196, 211, 33 Atl. 994; *Hogben* v. *Metropolitan L. I. Co.*, 69 Conn. 503, 511, 38 Atl. 214; *Pigeon* v. *Lane*, 80 Conn. 237, 67 Atl. 886. After verdict the court may upon motion set the verdict aside and grant a new trial, although the evidence was conflicting. *Kinne* v. *Kinne*, 9 Conn. 102, 106; *Howe* v. *Raymond*, 74 id. 68, 73, 49 Atl. 854; *Burr* v. *Harty*, 75 Conn. 127, 129, 52 Atl. 724; *Uncas Paper Co.* v. *Corbin*, 75 Conn. 675, 678, 55 Atl. 165; *Fell* v. *Hancock M. L. I. Co.*, 76 Conn. 494, 496, 57 Atl. 175. In such cases the rule is that the court " should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were in-

fluenced by prejudice, corruption, or partiality." *Burr* v. *Harty*, 75 Conn. 127, 129, 52 Atl. 724; *Fell* v. *Hancock M. L. I. Co.*, 76 Conn. 494, 496, 57 Atl. 175. Upon the trial it was admitted, or testified to and not denied, that the catch-basin in question was in a crosswalk in.a much travelled street, and that its top and lid were so made that the latter when properly placed would not become displaced without human agency; that at the time of the accident it was out of place and lay upon the top of the catch-basin in such a manner as to seem secure, but so that when stepped upon by the plaintiff it tipped and let her into the catch-basin. That it was negligence on the part of the party removing the cover to so replace it that such a thing could happen, was not questioned. The only fact material to the case and disputed was, whether the defendant was the party who had removed and so replaced the cover. Upon this question testimony was offered by each party. From an examination of the testimony we think that the jury might from it reasonably reach the conclusion at which they arrived. The evidence in behalf of the plaintiff upon this point was, it is true, entirely circumstantial. In behalf of the defendant, it is now claimed that as the fact was capable of direct proof, the plaintiff could not rely upon presumptions; that it was just as reasonable, in the absence of direct proof, to presume that some one other than the defendant removed the cover, as to presume that the defendant removed it; and that the plaintiff therefore " failed to prove that essential allegation of her complaint by any evidence whatever." But she was not confined to direct proof of that fact. Even in criminal cases of the highest character, the fact that an accused was the person who committed the criminal act may be proved by circumstantial evidence. It may be conceded that the plaintiff's evidence did not exclude the hypothesis that the cover might have been removed by some person other than the. defendant. But she was not required to prove beyond a reasonable doubt that the defendant removed it. This being a civil case, it was enough if the

evidence induced in the minds of the jurors a reasonable belief that the fact was so. *Hoyt* v. *Danbury*, 69 Conn. 341, 348, 37 Atl. 1051. The purpose of the circumstantial evidence was to show that it was more probable that the defendant removed the cover than that any one else did, and to satisfy the jury in view of all the testimony that the defendant probably did it. If it was sufficient for this purpose it was enough. There having been evidence suffi- cient to support the verdict, the court properly refused to set it aside or to direct a verdict for the defendant.

The defendant objects to the charge relating to circum- stantial evidence, and especially that portion of it wherein the court, after having properly explained to the jury what circumstantial evidence is, said to them : " Circum- stantial evidence is not only proper evidence to be pre- sented in court on the trial of the case, but may be as conclusive as the more direct evidence." The objection is, not that this is not a correct statement of the law, but that it was not fair to the defendant, because " the jury doubtless understood from this language, that the circum- stances in evidence furnished as conclusive proof of the alleged facts as more direct evidence " would ; and there was no direct evidence that an employee of the defendant opened the catch-basin, while there was direct evidence of the employees that they did not open it. But the court immediately called the jury's attention to the fact that, notwithstanding the plaintiff's claims as to the inferences to be drawn from the circumstantial evidence, it was possible that some other person than a city employee re- moved the cover from the basin, and also called their attention to the direct testimony of the employees of the defendant that they did not remove it. The charge must be taken as a whole, and, so considered, it was not only correct in its statement of the law, but proper for the guidance of the jury and fair to the defendant.

A witness called by the defendant was asked upon his direct examination if he had not known schoolboys to in- terfere with the lids of catch-basins. The question was

objected to, upon what ground does not appear, and the objection was sustained. The question was leading in form, and the ruling justifiable on that ground. A similar question asked of the witness Hoyt upon his cross-examination was properly excluded, upon objection by the plaintiff, as not proper cross-examination, no foundation therefor having been laid by the examination in chief.

There is no error.

In this opinion the other judges concurred.