[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this application to vacate an CT Page 10043 arbitration award of September 23, 1992 because the "arbitrators (sic) have exceeded their (sic) powers or so imperfectly executed them that a mutual, final and definite award . . . was not made." There was only one arbitrator.
Facts
Plaintiff and defendant, are parties to a collective bargaining agreement.
Garfield Coleman (Grievant) was a state employee in the department of corrections. Defendant fired Grievant for stealing money from inmates on three occasions. He filed a grievance seeking to be reinstated to his former position.
A hearing was held before an arbitrator of the State Board of Mediation and Arbitration (Board) on May 29, 1992.
The issue submitted to the arbitrator was as follows:
"Was the dismissal of Garfield Coleman for just cause?
 If not, what shall be the remdy (sic) consistent with the contract (NP-4)?"
The arbitrator rendered his award September 23, 1992 providing as follows:
"The dismissal of Garfield Coleman was for just cause."
The submission is in two parts but under the circumstances the arbitrator only decided the first issue. That decision as set out in the award conforms to the submission.
Law
The plaintiff argued before the arbitrator and argues here that the evidence in regard to the first two incidents of the theft from inmates was circumstantial. Not only is circumstantial evidence proper but it may be as conclusive as direct evidence. Bradbury v. South Norwalk, 80 Conn. 298,302. In that case the plaintiff's evidence was "entirely circumstantial," id 301, and the defendant claimed "that it was just as reasonable, in the absence of direct proof, to CT Page 10044 presume that someone other than the defendant removed the cover, as to presume the defendant had removed it." That situation is very similar to what the arbitrator had before him here. Once the arbitrator determined that the Grievant "took to his house monies belonging to an inmate" and that it was not inadvertent he had reasons to conclude the dismissal was for just cause.
The arbitrator did not act improperly. The award followed the submission. It was mutual, final and definite. The arbitrator did not exceed his power.
Motion denied.
O'Neill, J.