WILLIAM L. BALLOU

*v.*

LUCRETIA JONES *et al.*

ESTOPPEL—*in pais.*  Where the lessee of a town lot, having erected a building thereon, supported by posts set in the ground, under a provision in the lease that he might remove all buildings at the end of the term, makes a chattel mortgage upon said building, describing it as personal property, both he, and all persons claiming under him, will be held estopped from denying that such building is personal property, as against all persons claiming under said mortgage, and if the widow of the lessee has surreptitiously acquired the possession of such building, and holds it against the purchaser under the mortgage, she cannot protect her possession against an action of replevin brought by him, by setting up the title of the landlord, or a homestead right in herself.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. M. E. HOLLISTER, Judge, presiding.

This was an action of replevin brought by the plaintiff in error against the defendant in error, at the April term, 1861, of the Circuit Court of Bureau county, to recover possession of a building.  The verdict and judgment having been rendered against the plaintiff below, he sued out a writ of error. The facts appear in the opinion of the court.

Mr. M. BALLOU for plaintiff in error:

1.  The plaintiff in error insists that the property in controversy is chattel property, and for which trespass or trover would lie.   2 Kent Com., 341-1 and 4; 1 Chitty Pl. 149 note; 1 Chitty Pl., 159 note 1; 6 Greenl., 452; 1 Hill, 176-473; 2 Fairf., 371; 3 Fairf., 162.

Aside from the general character of the property as recognized in law, the defendants claiming the property through or under William Jones, the mortgagee, whose deeds of mortgage thereof, to both Alvin Ballou and to Enos C. Matson, describe the property to be "goods and chattels," are estopped from denying the same to be chattel property.

Wm. Jones would be so estopped from alleging contrary to the admission in his deed, and so would all others claiming the same through or under him.   3 Gilm., 533; 3 Caines R. 188; 10 Johns. R., 223.

2.   As the defendants claim the property through Wm. Jones, the mortgagor, they cannot set up title in a third person to defeat the title acquired under the chattel mortgage executed by Wm. Jones.   In case of a chattel mortgage, the mortgagee upon default, and the purchaser under such mortgage, acquire all the interest and title which the mortgagor had in the mortgaged property; and the mortgagor is estopped to deny the title of the mortgagee or purchaser, and he cannot defeat a recovery by showing title in a third person.   It makes no difference to him what may be the rights of the mortgagee or purchaser, as against other persons.   The mortgagee or purchaser under him, succeeds to all the legal rights of the mortgagor, and possession is one of those legal rights; and if Wm. Jones could not set up such title, the defendants claiming through or under him, can be in no better capacity to do it.   4 Gilm., 348; 3 Caines, 188; 10 John, 223.

3.   Replevin will lie where trespass or trover would.   7 Johns. R., 143; Purple's Statute, 868, sec. 1; 1 Chitty Pl., 162, note 2; 1 Chitty Pl., 164, note 1; 1 Chitty Pl., 188, note (382.)

Messrs. ECKELS & KYLE for defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

On the 1st of January, 1853, Eunice Lovejoy, as guardian of certain minor heirs, leased to one William Jones, now deceased, husband of one of the defendants in error, a certain lot in Princeton, for the term of three years, the lease containing a proviso, that Jones might erect such buildings on the premises as he should think proper, and have the right

to remove them at the end of the term.   Jones took posses-
sion and erected a small frame building, which he used as a
residence and shop, the building resting on posts set in the
ground.   To this building he afterwards attached a, bakery.
On the 2d of September, 1857, he executed to one Matson a
chattel mortgage on these structures, describing them in the
mortgage as "goods and chattels," and on the 12th of Sep-
tember, 1857, he executed a similar mortgage to one Alvin
Ballou, brother of the plaintiff in error.   Between that date
and the spring of 1858, he left, with his family, both the
premises and the town, and after residing in· Bloomington
and Mendota for more than two years, returned to Princeton,
and died in 1860, without again occupying, or, so far as
appears, claiming any interest in this building.   On the 31st
of July, 1858, Matson sold the building under his chattel
mortgage, and Alvin Ballou became the purchaser.   The
property was then occupied by tenants of Jones, who seem to
have attorned to Matson on the forfeiture of the mortgage to·
him, and, after the sale, to have attorned to Ballou.   These
tenants remained in possession until the expiration of their
lease, in September, 1858, when one of them took a new lease
from Ballou, and the property continued to be occupied under
him or his brother, the plaintiff in error, to whom he after-
wards sold, until September or October, 1860, when the
tenant left, and while the property was standing vacant, Mrs.
Jones borrowed the key from the person with whom it had
been deposited, moved in, and took and retained possession.
The plaintiff in error brought an action of replevin for the
recovery of the property, and the verdict and judgment in
the court below having been against him, he has brought the
record to this court.

We see no ground whatever upon which this verdict is to
be sustained.   It is urged that the property is not personalty
but realty.   Without reference to the question of how it was
annexed to the soil, it is sufficient to advert to the fact that it

7

has been, from the beginning, treated as, and admitted to be, personal property, by all the parties interested therein. By the terms of the original lease between Lovejoy and Jones, it was to be personal property, and Jones gave the mortgages upon it as personal property, under which the plaintiff claims, and in that way obtained money or credit. If it had been realty he would have had no title to it, and to have mortgaged it would have been a fraud. It is perfectly clear that all persons claiming under Jones are estopped from denying that the building is personal property.

It is urged that Mrs. Jones is entitled to protection under the homestead law. Without considering the other legal objections to this proposition, it is sufficient to say that Mrs. Jones and her husband had been out of possession for more than two years, during which time the plaintiff in error was in possession, having properly acquired it under a mortgage executed by Jones, and neither Jones nor his wife having occupied or claimed the property as a homestead during that period. She then improperly intrudes upon Ballou's possession. She cannot be permitted to protect her possession acquired by a trespass, by setting up a homestead claim.

Neither can the defendant protect her tortious possession on the ground that the title to the property has vested in the owners of the fee. The original lease gave the tenant the right to remove all buildings, and in the absence of all evidence, it must be presumed, as between the occupant claiming under the original lessee and third persons, that the tenancy has continued as it began. The possesion of Ballou is sufficient *prima facie* evidence of his title to the property, as against all persons except the owners of the fee, from whom the possession was originally derived by Jones.

*Reversed and remanded.*