WILLIAM SISSON, Appellant, v. ERASTUS HIBBARD et al., Respondents.

In 1869 L. & M. sold to defendant H. an engine and boiler to be and which were put up in place of others in a cheap board building upon the premises of the latter, and for the manufacturing of stoves; the building was of little value without the machinery. The purchase-price of the engine and boiler was secured by a chattel mortgage thereon containing the usual stipulations; at the time of the execution thereof it was mutually understood that the mortgage should be valid notwithstanding any annexation to the premises In November, 1873, H. having made default in payment re-transferred the engine and boiler to L. & M., but permitted the same to remain on the premises. Said premises were sold November 15, 1873, upon execution issued upon a judgment recovered against H. Prior to the expiration of the time for redemption the defendants C. & C., to whom L. & M. had sold the engine and boiler, together with H., who was still in possession, removed them from the building; in doing which they necessarily removed part of the boards from one side of the building and partially tore down the arch supporting the boiler but without serious damage to the freehold, or injury to the character or value of the property removed.

In an action by one claiming under the sheriff's deed to recover the value of the engine and boiler, *held*, that plaintiff was not entitled to recover; that as between H. and his vendors the former would not have been permitted to set up that the machinery had become real estate; that plaintiff acquired only the right, title and interest of H., and could claim no greater rights.

*Brennan* v. *Whitaker* (15 Ohio, 446); *Fortman* v *Goepper* (14 id., 565), and *Voorhees* v. *McGinnis* (48 N. Y., 278), distinguished

(Argued November 21, 1878; decided January 21, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendants, entered upon the report of a referee. (Reported below, 10 Hun, 420.)

This action was brought to recover damages for the alleged unlawful removal from lands of one William J. Townsend and conversion of an engine and boiler.

The facts appear sufficiently in the opinion.

*W. J. Townsend*, for appellant. The chattel mortgage was inoperative and void as against the purchaser of the real

estate at the sheriff's sale.   (*Ford* v. *Cobb*, 20 N. Y., 344;
*Voorhees* v. *McGinnis*, 48 id., 278; *Fryatt* v. *Sullivan Co.*,
5 Hill, 116; 7 id., 529; *Tifft* v. *Horton*, 53 N. Y., 377, 384;
*Sheldon* v. *Edwards*, 35 id., 279; *Mott* v. *Palmer*, 1 id., 564;
*Pierce* v. *George*, 108 Mass., 78; *Richardson* v. *Copeland*,
6 Gray, 536; *Winslow* v. *Merch. Ins. Co.*, 4 Metc., 306;
*Heaton* v. *Finley*, 12 Pa., 314; Witmer's Appeal, 45 id.,
455; *Harlan* v. *Harlan*, 15 id., 507; 20 id., 305; *Hoskin* v.
*Woodward*, 45 id., 42; *Lyle* v. *Ducomb*, 5 Binney, 585;
*Franklin* v. *Moulton*, 5 Wis., 1; *Breman* v. *Whittaker*, 15
Ohio, 446; *Bringholff* v. *Munzenmaier*, 20 Iowa, 513; *Preston* v. *Briggs*, 16 Vt., 124; *Powers* v. *Dennison*, 30 id., 752;
*Davenport* v. *Shauts*, 43 id., 546; *Rice* v. *Adams*, 4 Harr.
[Del.], 332; *Goff* v. *O'Conner*, 17 Ill., 421; *Trull* v. *Fuller*,
28 Maine, 545; *McKirnne* v. *Macon*, 3 Md. Ch., 187; *Roffey*
v. *Henderson*, 17 Q. B., 573; *Elvis* v. *Mawe*, 2 Smith
Leading Cases, 119; Sewell on Fixtures, 319.)

*Angus McDonald*, for respondents.   Even without any
chattel mortgage or agreement between the parties the engine
and boiler remained personal property as between the parties
to this action.   (*Cook* v. *Champ. Can. Co.*, 1 Den., 91;
*Farrer* v. *Chamgette*, 5 id., 527; *Alcott* v. *Palmer*, 1 Colmst.,
564; *Russell* v. *Doty*, 4 Cow., 576; Freeman on Judg., § 357;
*Gouvenuer* v. *Titus*, 6 Paige, 347; *Smith* v. *George*, 41 Barb.
S. C. R., 60.)   The agreement at the time of the purchase
that the property should remain the personal property of the
seller, notwithstanding the use it was to be put to and the
execution of the chattel mortgage to carry out the agreement
fixes its character as personal property.   (*Ford* v. *Cobb*, 20
N. Y., 334; *Sheldon* v. *Edwards*, 35 id., 279; *Tifft* v.
*Horton*, 53 id., 377; *Evans* v. *Estes*, 10 Kan. R., 314;
*McRea* v. *N. C. Bnk. of Troy*, 66 N. Y., 489.)   The title
of defendants Clark and Crary was perfect both in law and
equity.   (*Brown* v. *Bennet*, 8 J. R., 96; *Patchin* v. *Pierce*,
12 Wend., 61; *Judson* v. *Eastern*, 58 N. Y., 664; *Huslen* v.
*Walter*, 34 How. Pr., 385.)

Rapallo, J. The engine and boiler in controversy were sold by Lamberton & Macks to Hibbard in 1869 for the purpose, understood at the time by both parties, of being put up and used by Hibbard in a cheaply constructed building, inclosed with boards, situate on land owned by Hibbard, wherein was machinery for the manufacturing of staves and heading. This building was used for no other purpose and of little value without the machinery. The purchase-price of the engine and boiler were secured by a chattel mortgage containing the usual stipulation that upon default in the stipulated payments the mortgagees should have full power to enter upon the premises of the mortgagor, or any other place where said chattels might then be, and take possession of the same, etc.

The engine and boiler were removed to the wooden building before mentioned and set up therein, in place of another engine and boiler which were at the same time removed therefrom.

The referee finds that they were so secured and fastened that, but for said chattel mortgage, they became part of the real estate, but that at the time of the execution of said mortgage it was mutually understood by the parties thereto that the mortgage should be valid against the property, notwithstanding any annexation to said premises or use therein.

The mortgage was kept regularly renewed on file until November, 1873, when Hibbard, having made default in his payments, retransferred the engine and boiler to Lamberton & Macks, but in pursuance of a previous understanding permitted them to remain on his premises until they should desire to remove them.

In March, 1874, Lamberton & Macks having sold the engine and boiler to the defendants Crary & Clark, they together with Hibbard removed them from the before mentioned building. In so doing they necessarily removed part of the boards from one side of the building and partially tore down the arch which supported the boiler, but the referee finds that the same could be and were removed without

serious damage to the freehold, or injuring or impairing their own character or value.

For these acts the plaintiff now brings his action against Hibbard and Clark & Crary, alleging that the engine and boiler had, by being put up in the building, become part of the realty. That before their removal the land had been sold, under execution against Hibbard, to one William J. Townsend whose right of action had been transferred to the plaintiff.

The findings show that the judgment was recovered in 1870 and revived in 1873. The sale under the execution was made on the 15th of November, 1873, when a certificate of sale was given by the sheriff to Townsend. After the expiration of fifteen months, viz., in June, 1875, Townsend received the sheriff's deed. The removal of the property took place before the expiration of the fifteen months, and while Hibbard was entitled to possession of the land, but before such removal Townsend forbade Hibbard from effecting it.

The findings of the referee do not in our judgment disclose such a permanent annexation of the machinery to the freehold as to preclude the owner of the land from making a valid agreement with the vendors of the machinery that it should continue, as between the parties, to be personal property, and that the vendors should have a lien thereon for the price and the right to remove the same on default in payment. All the acts of the parties show that such was their agreement and understanding, and it is expressly found by the referee. The so-called building does not appear to have been itself a permanent structure, or much more than a temporary shelter for the machinery. Had there been no sale under execution, and had Lamberton & Macks undertaken to enforce their chattel mortgage against Hibbard, he would not have been permitted to set up that the machinery had become real estate, and thus defeat the security upon the faith of which the property had been obtained by him. The plaintiff who claims, not as a *bona fide* purchaser without notice, but simply

under an execution sale, by which his assignor acquired only the right, title and interest of Hibbard, cannot claim any greater rights than Hibbard would have possessed. The case is stronger for the defendants in this respect than *Ford* v. *Cobb* (20 N. Y., 344) and *Tifft* v. *Horton* (53 id., 377). At the time when Hibbard, in compliance with his agreement, permitted the removal of the machinery, the possession and legal title to the land were still in him, the plaintiff's assignor having merely a sheriff's certificate of sale under a judgment recovered subsequently to Hibbard's agreement that the machinery should be treated as personalty as between him and his vendors. The judgment creditor clearly had no equities superior to those of the vendors of the machinery, nor could a purchaser on the execution issued under such judgment acquire any. The criticisms upon the case of *Ford* v. *Cobb* cited by the plaintiff's counsel from the cases of *Brenan* v. *Whitaker* (15 Ohio, 446) and *Fortman* v. *Goepper* (14 id., 565) apply to the question whether the filing of a chattel mortgage can be regarded as equivalent to notice to a subsequent purchaser of the land, that fixtures, apparently part of the realty, are to be regarded as personalty, so as to affect the title of a subsequent mortgagee without notice, and the citations from elementary works in regard to the power of the judgment debtor to change the character of fixtures by agreement, refer to agreements made after the lien of the judgment has attached, and in derogation of such lien. In the present case the rights and equities of Lamberton & Macks, under whom the defendants claim, existed even before the recovery of the judgment under which the plaintiff claims. The annexation must be deemed to have been made by Hibbard in pursuance of and subject to his agreement with Lamberton & Mack and not as a permanent accession to the freehold.

We think the judgment below is sustained by the cases of *Ford* v. *Cobb* (20 New York Reports, 344); *Tifft* v. *Horton* (53 id., 377), and the later case of *McRea* v. *Central National Bank of Troy* (66 id., 489), and does not

necessarily conflict with *Voorhees* v. *McGinnis* (48 id., 278).

The judgment should be affirmed.

All concur.

Judgment affirmed.