DAVID HYMAN, TRUSTEE, *vs.* ANNIE M. GORDON.

*Fixtures—Stills in factory—Chattel property.*

Stills in a glycerine factory connected with the motive power of the steam engine, resting in part on a brick foundation laid in the building, and in part attached by screws to the ceiling to confine them to their proper places for use, are not fixtures, but chattel property.

*Decided March* 30, 1889.

W. J. M. GORDON purchased a tract of land upon which were a number of buildings. These buildings were united by him in a manufactory, and for more than seventeen years he carried on the business of manufacturing glycerine and other chemicals. Upon grounds outside the building, he erected in permanent brickwork his boilers, and connected them by openings in the wall, with the distilling apparatus used on the inside.

This apparatus consists of stills, resting in part on a brick foundation laid in the building, and in part attached by screws to the ceiling. These stills are in the different rooms of the manufactory, and

connected, by the openings made in the walls, by steam pipes. All the stills are constructed for, and adapted to the use of, the property as a manufactory of glycerine and other chemicals, and cannot be used for any other purpose.

Gordon made an assignment for the benefit of his creditors. The property is encumbered with mortgages and other liens. A controversy has arisen whether the stills are fixtures, and go with the realty or personalty.

*Follett, Hyman & Kelley*, for assignees.

*Lincoln, Stephens & Lincoln*, and *Bateman & Harper*, for mortgagees.

GOEBEL, J.

There are many conflicting decisions as to the dividing line between realty and personalty, in cases where machinery has been fitted to mills and other buildings for use therein. Many cases hold that, if the article is attached for temporary use, with the intention of removing it, it does not lose its character as personalty ; but if it is placed there for permanent improvement of the free-hold, it becomes a part of the realty. *Hellawell* v. *Eastwood*, 6 Exch., 295, 312 ; *Lancaster* v. *Eve*, 5 C. B. (N. S.) 717 ; *Crane* v. *Brigham*, 11 N. J. Eq. 29 ; *Walmsley* v. *Milne*, 7 C. B. (N. S.) 115 ; *Walker* v. *Sherman*, 20 Wend. 636 ; *Potter* v. *Cromwell*, 40 N. Y. 287.

The Supreme Court of Ohio in *Case Manufactur-ing Co.* v. *Garven,* 45 Ohio St. 289, say: "Machinery, used in a factory for manufacturing purposes, only attached to the building to keep them steady in their places, so that they may be more serviceable when in use, and that may be removed without any essential injury to the freehold or the articles themselves are personal property, and do not pass by a conveyance or mortgage of the free-hold."

And in *Teaff* v. *Hewitt,* 1 Ohio 511, the Supreme Court say: "Machinery and implements in a manufacturing establishment, although useful and even essential to the business carried on, which are not permanently affixed to the ground or the structure of the building, and which can easily be removed, without material injury to the building or articles themselves, and their places supplied by other articles of a similar kind, are not fixtures, but personal property."

Many of the authorities hold that the intention of the party or parties affixing the machinery, enters into the elements of the case, and that the permanency of the attachment and its character in law do not depend so much upon the degree of physical force with which the thing is attached, or the manner and importance of its attachment, as upon the motive and the intention of the party attaching it.

If the intention is that the articles attached should not, by annexation, become a part of the free-hold,

as a general rule, they do not, the exception being when the property cannot be removed without practically destroying it, or when it or part of it is essential to the support of that to which it is attached. *Ford* v. *Cobb*, 20 N. Y. 344; *Tifft* v. *Horton*, 53 N. Y. 377; *Voorhees* v. *McGinnis*, 48 N. Y. 278; *Winslow* v. *Merchants' Insurance Co.*, 4 Met. (Mass.) 306; *Crane* v. *Brigham*, 11 N. J. Eq. 29; *McRea* v. *Central National Bank of Troy*, 66 N. Y. 489; *Sisson* v. *Hibbard*, 75 N. Y. 542; *Eaves* v. *Estes*, 10 Kansas 314; *Trull* v. *Fuller*, 28 Me. 545; *Ballou* v. *Jones*, 37 Ill. 95; *Wade* v. *Johnston*, 25 Ga. 331; *Hill* v. *Wentworth*, 28 Vt. 428. There seems to be no longer any doubt that the character of the property may be changed by the agreement of the parties as between themselves.

In the case before us, there is nothing about the stills that prevents their removal and use in another building for the same purpose. The fact that the stills are adapted to no other use, and if detached from the building will render the balance remaining useless, and the parts detached have no saleable value except as old metal, and that their removal will probably destroy the use desired to be made of the real estate, cuts no particular figure in this case.

There can be no doubt that the stills are susceptible of removal and of use elsewhere. The fact that the stills were beneficial and necessary to the use of

the factory, does not of necessity stamp them as realty.

Recognizing the difficulty of prescribing a rule that may be applied to such cases in general, and knowing no test that may be applied with anything like uniformity, we think, however, that this case comes within the ruling in *Teaff* v. *Hewitt* and *Case Manufacturing Co.* v. *Garven*, *supra*, and we hold that the stills are not fixtures.