# CHARLESTON.

HURXTHAL'S EXECUTRIX *v.* HURXTHAL'S HEIRS *et al.*

Submitted Sept. 24, 1898.—Decided Dec. 10, 1898.

1.  RIPARIAN LANDS—*Deed—Covenants—Liens—Priority of Liens.*
    Where a party to a deed agrees to pay to the other party the
    the sum of seventy-five dollars per annum for keeping up a cer-
    tain dam, necessary to the mill property of the obligor, and that
    the obligation to pay the same, in addition to being a personal
    one, "shall be a convenant running with the land, and binding
    upon the Ronceverte Flour Mills, race, and water power, into
    whosoever hands they may pass," he thereby creates a lien on
    such mill property, which, duly recorded, has priority over sub-
    sequent liens. (p. 585).

2.  MORTGAGE—*Chattel Mortgage—Machinery—Removal of Machin-
    ery.*
    If machinery under mortgage is placed in a mill already mort-
    gaged, it becomes subject to the realty mortgage, to the extent
    that is necessary to keep the security thereof unimpaired. So far
    as the personalty mortgage is concerned, if such machinery is
    mortgaged to its full value, and it will not damage the mill pro-
    perty by its removal, the mortgagee or purchaser may remove the
    same; otherwise, he must make good the damage caused by such
    removal. (p. 586).

3.  MORTGAGE—*Chattel Mortgage—Judicial Sale—Machinery.*
    When a mill and its machinery are subject to separate mort-
    gages, and are sold under decree of court, they should be offered
    for sale both separately and together, and then sold in whichever
    way they will bring the larger sum. (p. 587).

Appealed from Circuit Court, Greenbrier County.
Suit between the executrix and the heirs of Ben Hurx-

thal, deceased, and others. A decree was rendered from which an appeal was taken.

*Reversed in Part and Modified.*

JOHN W. HARRIS, for appellants.

L. J. WILLIAMS, for appellees.

DENT, JUDGE :

In the case of Josie M. Hurxthal, administratrix, against Christine H. Hurxthal, on appeal from the circuit court of Greenbrier County, two questions are presented. to this Court:

1. Whether the following provision in a deed duly recorded creates a lien on the property involved, in favor of the St. Lawrence Boom & Manufacturing Company, to-wit: "That the said party of the second part agrees to pay to said party of the first part the sum of seventy-five dollars per annum, to be paid on the first day of January in each year ; and the obligation to pay the same shall, in addition to being a personal one, be a covenant running with the land, and binding upon said Ronceverte Flour Mills, mill race, and water power, into whosoever hands they may pass?" This question is fully met and determined in favor of the lien in the case of *Parsons* v. *Association*, 44 W. Va. 335, (29 S. E. 999). The appellant's claim for this charge at the date of the allowance thereof, to-wit: November 1, 1897, amounting to the sum of three hundred and twenty-four dollars and seventy-five cents, should have been decreed as a lien fourth in priority on said property.

2. Whether the court erred in holding that Nelson White, appellee, by virtue of a deed of trust executed thereon prior to its being fixed in the mill in controversy, held a lien on the machinery prior in right to the lien of the appellant Bryanna Hurxthal, secured to her by a prior deed of trust on the mill property? The authorities on this subject widely differ. The true equitable rule is stated in the case of *Binkley* v. *Forkner*, 117 Ind. 176, (19 N. E. 753), to-wit: "A chattel mortgage is effectual to preserve the character of the mortgaged chattels, as against a mortgage on the realty executed prior thereto, if the chattels can be re-

moved without injuring or impairing the value of the real estate, or the buildings thereon. If the detachment would occasion some diminution in the value of the realty, as it would have stood had the attachment not been made, then the depreciation must be made whole, and the rights of the parties adjusted according to the equity of the case." This rule is said to be firmly established in the interest of trade. That the realty mortgagee's security is kept whole is all that he can ask, as against the property of third parties. When the mortgaged personal property is attached to the realty, the mortgagor has only an equity of redemption therein, to which the mortgage on the realty at once attaches. *Campbell* v. *Roddy*, 44 N. J. Eq. 244, (14 Atl. 279); *Eaves* v. *Estes*, 10 Kan. 314; *Ford* v. *Cobb*, 20 N. Y. 344; *Sisson* v. *Hibbard*, 75 N. Y. 542; *Tifft* v. *Horton*, 53 N. Y. 377; *Sword* v. *Low*, 122 Ill. 487, (13 N. E. 826). In the present case, Bryanna Hurxthal had a lien on the mill property amounting to about five thousand dollars, the mill being fitted up with the old burr system when the proprietor purchased of Nelson White the machinery in controversy, giving him a deed of trust thereon, and then placed it in the mill in lieu of the old system, so far as the flour part thereof is concerned, while he continued the burr system as to the corn and feed. The mill had to be changed some to suit the new machinery or roller system. What became of the old machinery is not shown in the evidence, unless it was retained for the corn and feed part. No damage is shown on account of the change. It is claimed the removal of the machinery will damage the mill. To what extent, there is no evidence. Nor can it be ascertained, until sale is effected, that the equity of redemption in the machinery is of any value. It devolves on the mortgagee to identify the property covered by his lien. If he is unable to do so, he cannot have the benefit thereof. This is admitted by his counsel. The court in its decree provided that the "special commissioners, or the one acting, shall sell the said machinery named and set forth in the said deed of trust, except said Case Purifier, on the same terms as the real estate, with privilege to the purchaser to remove the said machinery from the mill building with as

little damage thereto as possible." This decree does not protect the realty mortgage from the damage that may accrue from a separate sale of the properties involved. The machinery and the mill may both bring a better price, if sold together ; and the mill may be greatly damaged, or may be benefitted, by the removal of the machinery. The court should have directed the commissioner to offer them for sale both separately and together, and sell in the way in which they would bring the larger sum. If together they bring a larger sum than when offered separately, the difference between the two sums will show the amount to which the realty mortgagee would be damaged by a separate sale, while the personal mortgagee would be only entitled to what the personal property would bring if sold separately; because such is the extent of his mortgage. If they sell for more separately, it will show the extent of the damage they are to each other ; while, if the mill should sell for less separately than when sold in connection with the machinery, it will show to what extent the removal of the machinery causes loss to the realty mortgagee, who is entitled to be made whole out of the personalty ; otherwise, she would be damaged by the removal of the machinery without recompense, contrary to the law as before settled.

The decree complained of will be reversed in so far as it fails to allow the St. Lawrence Boom & Manufacturing Company its lien for the sum of three hundred and twenty-four dollars and seventy-five cents, fourth in priority on said mill property, and amended so as to direct the special commissioners, in making sale of such mill property, to offer the same as a whole, and also the mill and machinery separately, and to sell the same in whichever way it will bring the largest sum ; and in all other respects it is affirmed, and the cause is remanded for further proceedings. Bryanna Hurxthal, not having asked for the sale of the property as a whole in the circuit court, but asking it for the first time in this Court, will pay the costs of this appeal.

*Reversed in Part and Modified.*