KATHERINE E. FAY, ADMINISTRATRIX, *vs.* THE HARTFORD AND SPRINGFIELD STREET RAILWAY COMPANY.

First Judicial District, Hartford, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

In determining whether a plaintiff used due care on the occasion of his injury, the question, both for the jury and for this court on appeal, is not whether some reasonable theory can be conceived consistent with the use of such care and with the facts proved, but does the direct evidence, or the facts established, make it fairly apparent that the requisite degree of care was actually exercised.

The evidence on a former trial having been held insufficient to show the exercise of due care upon the part of a decedent, his declarations were received on the second hearing in connection with a repetition of the same evidence. These were to the effect that he saw the approaching trolley-car which struck him, when it was 700 or 800 feet distant; that he supposed he had time to cross the track safely; and that as he started across he heard a noise but thought it was an automobile which would turn out for him. *Held* that these declarations weakened rather than strengthened the plaintiff's case, since they showed an entire failure on the part of the deceased to make any effort to ascertain the proximity of a car which he knew was approaching him from the rear; and therefore the trial court should have either directed a verdict for the defendant, or set aside the one rendered for the plaintiff.

Argued October 13th—decided December 17th, 1909.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate and alleged to be due to the defendant's negligence, brought to the Superior Court in Hartford County and tried to the jury before *Burpee, J.;* verdict and judgment for the plaintiff for $2,000, and appeal by the defendant. *Error and new trial ordered.*

*John T. Robinson* and *Ralph O. Wells,* for the appellant (defendant).

*Hugh M. Alcorn* and *Benedict M. Holden,* for the appellee (plaintiff).

HALL, J. Upon the previous appeal in this case, upon the grounds that the trial court erred in refusing to direct a verdict for the defendant and in denying the defendant's motion to set aside the plaintiff's verdict for $2,500, we held that upon the evidence presented at the first trial the plaintiff had clearly failed to sustain the burden of proving due care upon the part of the deceased, and that the trial court should have directed a verdict for the defendant or granted the defendant's motion to set aside the verdict as against the evidence. *Fay* v. *Hartford & Springfield Street Ry. Co.,* 81 Conn. 330, 338, 71 Atl. 364.

The assigned reasons for the present appeal are the refusal of the trial court to direct a verdict for the defendant, and the denial of the defendant's motion to set aside the plaintiff's verdict of $2,000 rendered upon the second trial.

In deciding the first appeal we said that as the burden of proving the alleged negligence of the defendant, and the due care of the deceased, rested upon the plaintiff, the question for our consideration was "could the jury, upon the evidence presented, have reasonably concluded that there was a preponderance of proof of such negligence of the defendant and of such care by the deceased"; and that "a jury

is never at liberty to merely guess or surmise the existence of the alleged negligence, or the exercise of due care, from facts or circumstances which do not fairly show it." We may add that, in deciding whether the deceased exercised due care, the question for our consideration upon this appeal is not, and the question for the jury was not, can some reasonable theory be conceived, which is not inconsistent with the proved facts and is consistent with due care. That was a proper inquiry for the court when, under the old system of hearings in damages, the burden of proving the absence of due care rested upon the defendant; but with the burden of proving due care upon the plaintiff, as it is under our present method of trying these accident cases, the question for us upon an appeal like the present one, and for the jury upon the trial, is, does either the direct evidence presented, or the facts proved, make it fairly apparent, not that the injured person may possibly have exercised proper care, but that he did in fact exercise reasonable care to avoid the injury.

There was no serious conflict of testimony concerning the circumstances under which the deceased was injured. At the place where the accident happened, Main Street runs practically north and south, and for some distance north and south of that point the defendant's single street-railway track is upon the east side of the highway. East of the street-railway track are the tracks of the New York, New Haven and Hartford Railroad, and between the east track of the street-railway and the right of way of the steam railroad is a narrow and slightly depressed strip of land upon which there are trees and poles, which is unsuitable to drive over. At the time of the accident the deceased, sixty-five years of age, was engaged as an employee of the town in cleaning the gutter on the west side of the street, and was, with his horse and cart, carrying the surface dirt and dumping it upon said strip along the east side of the trolley-track. He was walking on the left, or easterly side of his

horse and cart, driving or leading his horse, going south, and as he turned toward the east, probably to cross the street-railway track and dump his cart upon said strip, he was struck by the defendant's open trolley-car, which was running toward the south.

The substance of the evidence, which we held upon the former appeal failed to prove due care upon the part of the deceased, is stated in the opinion upon that appeal and need not be repeated here. The new evidence upon the second trial, bearing upon the question of due care by the deceased, consisted of proof of certain declarations of the deceased after he was injured. They were, in substance, that the deceased said that he last saw the trolley-car when it was standing at the bridge, which was shown to be between seven and eight hundred feet north of the place of the accident; that he knew the car was coming, but that he supposed he had sufficient time to cross in safety; that he heard "a racket and a noise" when he started to go across the track, but thought it was an automobile and that it would turn out for him.

Evidence of these declarations did not strengthen, but rather weakened, the plaintiff's proof of due care by the deceased. They show not only that the deceased, at this point, went with his horse and cart upon the track or so near it that he was liable to be struck by a passing car, without making any effort to ascertain the proximity of a car which he knew was approaching behind him and which he had last seen seven or eight hundred feet away, but also that he did not stop or even look back when he heard behind him the "noise and racket" which the evidence shows must have been the noise of the approaching car and the sounding gong and the shouting of the motorman.

It cannot rightly be said that it appears from the evidence that the deceased in fact exercised reasonable care. On the contrary it shows that he was negligent.

The trial court should have directed a verdict for the de-

fendant, and not having done so, should have granted the motion to set aside the verdict as against the evidence.

There is error and a new trial is ordered.

In this opinion the other judges concurred.