# CHARLESTON.

McCLINTIC, *Receiver*, v. HECHMER *et als.*

Submitted April 24, 1917.   Decided May 1, 1917.

1. VENDOR AND PURCHASER—*Enforcement of Vendor's Lien—Decree of Federal Court—Description.*

In a suit by a receiver of a Federal court, in a circuit court of this state to enforce a lien in his favor as vendor of certain property sold under decree of such Federal court, it is not proper to require such receiver to procure title papers to be executed making the description of the property sold by him more definite or comprehensive than the description contained in a deed made in con-formity with the requirements of a decree of such Federal court. If relief in this respect is desired it must be had by application to the court that entered the decree in obediance to which such deed is made. (p. 328).

2. SAME—*Conditional Sales—Lien.*

If a boiler and equipment are placed in a water works plant under a contract of conditional sale duly recorded, and are a necessary and appropriate part of such plant, they will become subject to a vendor's lien existing upon the plant at the time such boiler and equipment are installed; and if such plant, including such boiler and equipment, is decreed to be sold in a suit brought to enforce the vendor's lien against the plant, and provision is made in the decree for the discharge of the balance remaining unpaid upon said boiler and equipment out of the proceeds of such sale, the owner of such plant cannot complain because he is not allowed to participate in the proceeds of such sale until the vendor's lien has been fully satisfied. (p. 329).

Appeal from Circuit Court, Pocahontas County.

Suit by L. M. McClintic, receiver, etc., against John L. Hechmer, the Marlinton Service Company, and others. Decree for plaintiff, and the defendant Marlinton Service Company appeals.

*Dècree affirmed.*

*F. R. Hill* and *W. A. Bratton,* for appellant.

*McClintic, Mathews & Campbell,* for appellee.

Ritz, Judge:

The plaintiff, receiver of Marlinton Light & Water Company, appointed as such by the District Court of the United States for the Southern District of West Virginia, under a decree of that court, made sale of all of the property and assets of the company to satisfy the debts which had been ascertained and decreed against it by said district court. The property was sold by said receiver pursuant to the authority conferred upon him for the sum of thirty-one thousand dollars. The purchaser at this sale, however, failed to comply with the terms of sale, and the Federal District Court directed said special receiver to re-advertise and re-sell said property. This was done and at this sale the defendant John L. Hechmer became the purchaser for the sum of twenty-four thousand dollars, which sale was confirmed and a decree taken against the former purchaser for the difference between the price at which the property was sold to Hechmer and that at which it was formerly sold. Hechmer paid part of the purchase money in cash, and for the residue he executed a dèmand note for five thousand dollars, and two other notes for six thousand dollars each, due respectively at one and two years from the 23d day of June, 1913, the date of the decree confirming said sale, and under the authority of said decree said special receiver made a deed to the said Hechmer conveying and transferring to him all of the property and assets of the company, reserving therein a lien to secure the payment of the three notes aforesaid. A small amount was paid on the five thousand dollar note, but noth-

ing has ever been paid on either of the six thousand dollar notes. When the purchase money notes became due a decree was entered by the Federal District Court directing its receiver to proceed to collect the same by enforcing the lien, or by any other appropriate suit or suits.

Subsequent to the sale, said Hechmer purchased from the defendant Erie City Iron Works a stationary boiler and fixtures and a boiler feed pump for the use of said plant, which purchase was made upon a contract of conditional sale duly recorded, the price for said articles to be the sum of $1267.00, upon which there still remains unpaid the sum of $325.25. Hechmer then sold the property to the defendant Marlinton Service Company with the lien of .the plaintiff still existing thereon, and subsequently the defendant Marlinton Service Company purchased some additional machinery from the Alexander Electric Company under a contract of conditional sale, which was duly recorded, and upon which no payments have ever been made.

In the suit in the Federal District Court in which the property was directed to be sold, it was ascertained by the court that the title to the site upon which the reservoirs of the Marlinton Light & Water Company were situate was not in the company; neither did said company have the right of way for its pipe line from said reservoirs to the streets of the town of Marlinton, which was being supplied by it with water, but it had an executory contract with the former owner for this site and this right of way, and the court decreed that the special receiver pay the purchase money remaining unpaid upon said contract, and if upon such payment the owner did not make a deed to such site and right of way, that a special commissioner, who was appointed for the purpose, make such deed and deliver it to the said special receiver. This balance of purchase money was paid, and a deed was made by a special commissioner conveying the site for the reservoirs of the company, as well as a right of way for the pipe line of said company from the reservoirs to the streets of the town of Marlinton over the location upon which said pipe line was then laid.

In accordance with the directions given him by the Federal

District Court the plaintiff instituted this suit in the circuit court of Pocahontas county for the purpose of having a sale of the assets sold by him to the defendant John L. Hechmer, being the water and light plant aforesaid, and upon the showing as above stated in the bill and amended bill, and the answers of several of the defendants thereto, the court ascertained and decreed the amount remaining unpaid to the plaintiff on the purchase money notes aforesaid, and also decreed the amount remaining unpaid to the Erie City Iron Works on account of the boiler and equipment sold by it under the conditional sale contract aforesaid; and further decreed that the property conveyed by said special receiver to the defendant John L. Hechmer, including the boiler and equipment furnished by the Erie City Iron Works, be sold in satisfaction of the aforesaid debts, but that the electrical equipment furnished by the Alexander Electric Company was not a part of the plant, and that the same be not sold by said special commissioner. Said decree further provided that out of the proceeds of the sale there should be paid to the Erie City Iron Works the sum of $325.25 remaining unpaid on account of the boiler and equipment furnished by it to the said Hechmer under the contract of conditional sale aforesaid, and that so much of the remainder of the purchase money as might be necessary to discharge plaintiffs vendor's lien be paid over to him. From this decree the defendant Marlinton Service Company applied for and obtained this appeal.

The first contention made by the appellant is that the deed made by the special commissioner appointed by the Federal District Court, conveying the site for the reservoirs and the right of way for the pipe line from the reservoirs to the town of Marlinton, is not such a deed as should have been made, its contention apparently being that the land conveyed in the reservoir site is not described with particularity, but only referred to as the site upon which the reservoirs are erected. It appears from an examination of this deed, which is exhibited with the amended bill of the plaintiff, that it conforms to the decree made by the Federal District Court. The decree of that court directing the sale of the assets of the

Marlinton Light & Water Company also directed the secur-
ing of this deed, and prescribed therein what was to be cov-
ered thereby.   Under this decree the defendant Hechmer
bought the property, and the deed subsequently made by the
special commissioner conveying the reservoir site and right
of way conforms to the decree of the court, so that Hechmer
got under his purchase from the special receiver exactly
what was decreed to be sold by the Federal Court, and the
lien which it is now sought to enforce in favor of the plain-
tiff covers only the property which was sold by the Federal
Court under its decree.   Whether the court in that cause
should have required the reservoir site to be described by
metes and bounds we need not inquire.   The circuit court
of Pocahontas county was without any jurisdiction to correct
the Federal Court's decree if it was insufficient in that regard.
Any relief that the purchaser desired on account of the al-
leged insfficiency of that decree and the deed made there-
under must be obtained by application to the court entering
the decree in conformity with which the deed was made.

The action of the court directing the sale of the boiler and
equipment purchased from the Erie City Iron Works, and
allowing the plaintiff to participate in the proceeds that
might be derived from the sale of all of the property, includ-
ing this boiler and equipment, is also assigned as error.   The
defendant Marlinton Service Company contends that in as
much as this boiler and equipment were not sold by the
special receiver to Hechmer, the lien of the plaintiff as
vendor never attached thereto, and he should not be allowed
to derive any benefit from the proceeds of a sale of the boiler
and equipment.   It appears from the petition and answer of
the defendant Marlinton Service Company that this boiler
and equipment are now a part of the plant purchased by
Hechmer from the plaintiff.   It is also, in effect, averred in
its petition that this boiler was a necessary improvement and
addition to the plant in order to the proper performance by
it of its functions as a public service corporation.   Such be-
ing the case, this boiler and equipment became a part of this
plant and a part of the real estate to which it is attached, and
the lien of the plaintiff as vendor of the plant attached

thereto. *Lazear* v. *Ohio Valley Steel Foundry Co.,* 65 W. Va. 105; *Bank* v. *Hyer,* 46 W. Va. 13; *Hurxthal* v. *Hurxthal,* 45 W. Va. 584. Under the authority of these decisions it cannot be doubted that this boiler and equipment became a part of the real estate and subject to the lien of plaintiff as vendor.

The only thing which could in any wise involve the plaintiff's right would be the contract of conditional sale held by the vendor of the boiler and equipment. The decree provides, however, for the full payment of the balance due upon this contract, and the defendant Marlinton Service Company is in no wise prejudiced by that provision of the decree. The fact that the machinery was not fully paid for cannot give to the defendant Marlinton Service Company any higher rights in it than it would have had had the machinery been completely and fully paid for, in which event it could only participate in the proceeds of a sale of the plant after plaintiff's lien is fully satisfied. We are not called upon to say whether or not this decree is more favorable to the Erie City Iron Works than it should be. The plaintiff is not complaining thereof, and by his failure to complain he concedes that the Erie City Iron Works is entitled to be compensated for the balance remaining unpaid on this boiler and equipment. In other words, his procuring the decree in this form is an admission or concession that the addition of this boiler and equipment to the plant increased its value at least to the extent of the remaining unpaid purchase money, and as held in *Hurxthal* v. *Hurxthal,* 45 W. Va. 584, if the accessions to the plant by the purchase of such new machinery under contracts of conditional sale increase the value of the plant to the extent that purchase money remains unpaid on such new machinery, the vendor of such machinery or equipment will be entitled to be paid such unpaid balance of purchase money out of the proceeds of any sale of the machinery.

We find no error in the decree of the Circuit Court of Pocahontas County, and the same is affirmed.

*Decree affirmed.*